## Miles, et al. v. Aqua Pura Company, et al.

(Decided March 3, 1925.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Pleading—On Demurrer, Petition is Construed Strongest Against Pleader.—On demurrer, petition is construed strongest against pleader.

2 Pleading—Facts Constituting Fraud Must be Alleged.—When facts pleaded as constituting fraud do not support charge, it falls to the ground.

3. Corporations—Members of Committee could Purchase Stock Individually with Corporation's Bonds Owned by Them, and could Sell to Any One and Retain Proceeds Without Wronging Corporation.—Members of an executive committee and of a stockholders' committee could, pursuant to options obtained, purchase individually the stock of stockholders either with cash or with the duly authorized bonds of the corporation belonging to such members, and could sell to whomsoever they pleased and retain the proceeds without wronging the corporation.

4. Corporations—Petition Held Demurrable as Not Supporting Alleged Fraudulent Misuse or Misappropriation of assets of Corporation.—A petition of stockholders, suing for themselves and on behalf of all stockholders, to recover for an alleged fraudulent misuse of corporation's assets, based on acquisition by corporation of some stock with bonds belonging to the corporation, and the subsequent purchase by codefendant members of stockholders' committee of all of the stock, and sale of such stock in their own behalf, held properly dismissed on general demurrer, as not supporting the alleged fraudulent misuse of assets, although petition alleged those acts to be fraudulent.

ALLEN P. DODD and ROBERT L. PAGE for appellants.

HUMPHREY, CRAWFORD & MIDDLETON and W. PRATT DALE for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Affirming.

A general demurrer to appellants' petition herein was sustained by the chancellor, and upon their declining to plead further the petition was dismissed. Hence the appeal.

Appellants are stockholders of appellee corporation, Aqua Pura Company. They sued for themselves and on behalf of all of the stockholders for the benefit of the corporation to recover for an alleged wrong done it. They

sought to recover from appellees, John T. Malone, John Scheas and Henry Almstedt, $150,000.00, the alleged value of 1,500 shares of stock in the appellee corporation, which it is alleged they acquired with bonds of appellee corporation which belonged to the corporation itself and not to appellees, it being alleged that they then sold the 1,500 shares of stock and appropriated the proceeds to their own use. It appears that appellee corporation, organized under the laws of New Mexico, was capitalized at $200,000.00, divided into 2,000 shares of the par value of $100.00 each. The appellees, Malone, Scheas and Almstedt, owned a portion of its stock prior to a called meeting of the stockholders, which was held March 28, 1910. They procured options to purchase all of the outstanding stock to be paid for at $130.00 per share for cash, or $140.00 per share with bonds of the corporation. At the stockholders' meeting, held pursuant to notice that such was its purpose, at which the three appellees above voted by proxies all the stock not owned by them, a bond issue of $400,000.00 was authorized, $112,000.00 to be used for retiring a previous bond issue of that amount, and the remainder to be used in improvement of the corporation's properties and for the best interests of the corporation and its stockholders. The appellees, Malone, Scheas and Almstedt, were appointed a stockholders' committee to dispose of the bond issue. After retiring the $112,000.00 previous bond issue, the stockholders' committee recommended by report that the best interest of the corporation and its stockholders would be subserved by disposing of the remaining $288,000.00 of the bond issue as follows: Each stockholder should surrender to the corporation one-fourth of his stock and receive in exchange therefor his proportionate part of bonds to the amount of $280,000.00, the bonds to be apportioned to the stockholders in proportion to the number of shares of stock held by them, the remaining $8,000 of bonds and the stocks surrendered by the stockholders in exchange for bonds to be held in the treasury of the corporation and the proceeds derived from their sale to be applied to the improvement and extension of the properties of the corporation.

The by-laws of the corporation provide that at all times, other than while its board of directors is in session, the affairs of the corporation shall be conducted by an executive committee consisting of three members elected by the board of directors. Appellees, Malone,

Scheas and Almstedt, were at the time members of the executive committee. The report and recommendation as to what disposition should be made of the $288,000.00 of bonds was made by the same three men as members of the stockholders' committee to themselves as members of the executive committee, the board of directors then not being in session. While the petition does not specifically so state, it can not be but that the stockholders unanimously acquiesced in the plan proposed because it appears that 500 shares of the corporation's stock and $8,000.00 of the bond issue found its way into the treasury pursuant to the plan proposed, and, although one of the appellants was then a stockholder, the petition does not state for her that she did not surrender one-fourth of her then stock, or receive in exchange her ratable portion of the $280,000.00 of bonds, nor does it state that any stockholder failed or refused to do so. There was then outstanding 2,000 shares of the corporation's stock, and, under the plan proposed and acted upon and acquiesced in by all of the stockholders, one-fourth of it, or 500 shares, was turned back into the treasury, leaving 1,500 shares outstanding owned and held by the stockholders. The three appellees, Malone, Sheas and Almstedt, then exercised the options to purchase that they had previously taken and bought from all the stockholders all of the 1,500 shares of stock not then owned by them, paying therefor in such instances as could be done with the bonds of the corporation that fell to them under the plan above, and with cash where the owners would not take bonds. The petition is not definite as to the amount paid for with bonds, or how much was paid for with cash. The 1,500 shares of stock acquired in that way by Malone, Sheas and Almstedt, or a portion of them, were subsequently sold by them, and appellants appear to have purchased part of them. The petition alleges that the three individual appellees entered into a conspiracy to loot the corporation and that the obtaining of the option to purchase all stock owned by others than themselves, the obtaining of the proxies to vote the stock at the meeting on March 28, 1910, the meeting of the stockholders on that date, the voting of the bond issue of $400,000.00, the election of the board of directors favorable to their purposes, the election of themselves as a committee to dispose of the bonds, and as members of the executive committee to transact the business of the corporation at all times when the board of directors was not in ses-

sion, were done by them pursuant to, and in furtherance of, the conspiracy. The petition charges that they acquired the 1,500 shares of the corporation's stock with the $280,000.00 of bonds, which was the property of the corporation and which did not belong to them, and then sold the stock and converted the proceeds to their own use. They sought by the petition to recover the value of the stock so sold for the benefit of the corporation and its stockholders, because of the fraud so alleged to have been committed against it.

It is fundamental that on demurrer a petition is construed strongest against the pleader. It is also true that when the facts pleaded as constituting fraud do not of themselves support the charge, it falls to the ground. Stripped of all the allegations as to the formation of the conspiracy, and that the things which were done were done pursuant to, and in furtherance of. the conspiracy, it appears from the petition and exhibits that the bond issue was duly authorized by the unanimous vote of the then stockholders of the corporation; that the bond issue was disposed of in a regular way by a duly constituted agency of the corporation; and that the method adopted was acted upon and acquiesced in by all of the then stockholders. Each stockholder surrendered one-fourth of his stock and procured in exchange therefor his ratable proportion of the $280,000.00 of bonds. With their part of the bonds secured in that way, the three individual appellees then purchased the outstanding stock of the corporation owned by others than themselves. When they did so, the stock so purchased became their stock, and they had the right to sell it to whomsoever would buy, and the proceeds thereof belonged to them, and in appropriating it to their own use they did no wrong to appellee corporation.

It appears from the petition that subsequently the appellants purchased from the three individual appellees part of the 1,500 shares of stock so acquired by them, also that they purchased from appellee corporation a portion of the 500 shares of stock which had gone into its treasury under the plan above. They also appear to have purchased a portion of its stock issued when the capital stock was subsequently increased from $200,000.00 to $250,000.00. Under the facts of this case if they had a cause of action, a question which we do not decide, it lies in favor of the purchaser of the stock against the one from whom he purchased it for the fraud, if any, com-

mitted in the sale to him of what now appears to be worthless stock. Certain it is that the petition does not disclose any fraudulent misuse, or misappropriation, of the funds, or assets, of the corporation authorizing this representative suit by some for the benefit of all of the stockholders to recover for the corporation the value of its assets so misappropriated. That is the gist of appellants' petition, and, as understood by this court, it did not state a cause of action.

With this view of the case, we deem it unnecessary to discuss or decide the other questions raised by the appeal.

The judgment is affirmed. The whole court sitting.